

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,879-01

### EX PARTE ARTHUR EARL MARSHALL, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 648541-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to theft by receiving and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied time credit while released on mandatory supervision and parole. The record contains an affidavit from the Program Supervisor III for the Classification and Records Department of the Texas Department of Criminal Justice- Correctional Institutions Division, detailing Applicant's history of convictions, releases and revocations and describing his time credit calculations. According to that affidavit, Applicant was twice denied credit for time he

was released to mandatory supervision and parole for this conviction because he failed to meet the mid-point of his remaining sentence before being revoked. However, it is unclear how that mid-point date, June 6, 2023, was calculated. Although Applicant is also serving a concurrent 40-year sentence, the 2023 mid-point date does not appear to be possible for either sentence based on the sentence-begin dates and the amount of flat time served on both sentences at the time of Applicant's release to mandatory supervision on March 26, 2004.

Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant was serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his mandatory supervision and parole were revoked. If not, the response shall state the following as to his sentence in cause number 648541-A specifically:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released each time,

(3) how much time Applicant spent on mandatory supervision and parole before any revocation warrants were issued,

(4) the dates any revocation warrants were issued and executed, and

(5) whether Applicant received credit while released on mandatory supervision and parole.

The response shall also explain in detail how the mid-point date of June 6, 2023, was calculated. If it is determined that the date was not correctly calculated, the affidavit shall state what the correct mid-point of Applicant's remaining sentence in this case was when he was released to mandatory supervision in 2004 and to parole in 2012.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is eligible to earn street time credit and, if so, whether he is receiving the proper credit for that time on this specific sentence. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 12, 2020
Do not publish